## UNENFORCEABLE TRUST.

Circuit Court of Cuyahoga County.

DORR E. WARNER, ASSIGNEE FOR THE BENEFIT OF THE CREDITORS OF THE GLENVILLE BANKING & TRUST COMPANY, v. J. N. AMOR.

Decided, November 16, 1908.

*Trusts and Trustees—Trust Unenforceable for Uncertainty.*

Where evidence discloses that funds in the hands of an assignee are impressed with a trust, but nothing from which the amount of such funds can be determined, the trust is unenforceable.

*Dorr E. Warner*, for plaintiff in error.
*J. N. Amor* and *C. N. Sheldon*, contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

This proceeding in error is prosecuted by the assignee for the benefit of the creditors of the Glenville Banking & Trust Company to reverse the judgment of the court of common pleas in favor of J. N. Amor, in an appeal from the judgment of the Court of Insolvency of Cuyahoga County:

The facts deducible from the entire evidence as presented in a bill of exceptions are substantially as follows:

J. N. Amor, one of the directors of the Glenville Banking & Trust Company, opened a special account with that institution August 22, 1907, in which deposits varying in amount from $10 up to $500 were made at frequent intervals from that date forward to November, 1907, when this assignment was made by the bank for its creditors. These deposits were made to the bank by various persons in part payment of lots purchased by

them from Amor and others whom he represented in these real estate transactions. The bank, by agreement with Amor, was to have 1% of the sums so collected by it, for its services and the total amount in this special account, at the time of the assignment was upwards of $2,000.

There passed into the hands of the assignee, as shown by his testimony, an amount which he fails to fix exactly, but which, as we interpret his testimony, he means to say amounted in all to "about $1,000."

By order of the insolvency court, as shown by the transcript filed in this court, $889.55 of this amount was shortly afterwards paid out by the assignee as a preferred claim. Disregarding the collections since made by the assignee it is thus left wholly uncertain what, if any, part of the sum of "about $1,000" originally received by him was left remaining in his hands, after payment of this preferred claim.

We are asked to hold that this balance is impressible with a trust in Amor's favor, upon the theory approved by us in the case of *Warner, Assignee,* v. *Urfer, ante,* decided November 4, 1908, to the effect that after commingling trust money with its own the bank's minimum cash balance thereafter on hand would be deemed to consist, in whole or in part, as the case might be, of *cestui que trust's* money, because as between the rightful paying out of the *cestui que trust's* money to other persons, the former is presumed.

In the Urfer case we had before us an agreed statement of facts which showed definitely the net amount received by the assignee from the bank, when the assignment was made, but it was further stipulated that Urfer's money could not be traced in either its original or any substituted form. Hence, we were precluded from drawing the inference that the net amount so received by the assignee had been the minimum amount in the custody of the bank during the entire interval between the creation of the trust in Urfer's favor, and the date of the assignment.

In the present case, however, the difficulty is to determine whether any, and if so, what amount of money was delivered by the bank to its assignee and impressible with a trust in

Amor's favor.   While we hold that the evidence justifies the finding of the court of common pleas that Amor's special deposit account constituted a trust fund in the hands of the bank, we fail to find in the bill of exceptions any sufficient evidence to warrant that court in its findings that the assignee received moneys in any definite sum belonging to Amor.   For though we are not prepared to say, from the evidence, that as a director, Amor's knowledge generally of its affairs affected him with notice of its breach of trust, it is nevertheless palpably true that the money collected by the bank for him was indistinguishably intermingled with its other assets.   Further discussion of the case is rendered unnecessary, in view of our opinion filed in the Urfer case, already referred to.

For error in refusing the assignee's motion for a new trial, upon the ground that the judgment and order of the court of common pleas directing him to prefer and pay the amount of Amor's claim is not sustained by sufficient evidence, said judgment is reversed and the cause remanded for further proceedings.